IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-00067-CR-W-BP |
| MIRZA MICHAEL REAZUDDIN, | |
| Defendant. | |

**REPLY IN SUPPORT OF**
**MOTION FOR A PRELIMINARY ORDER OF FORFEITURE**

The United States of America respectfully submits this Reply in further support of its Motion for a Preliminary Order of Forfeiture as to Defendant Mirza Michael Reazuddin ("Defendant").

In its motion dated May 20, 2024, the United States requested the entry of a Preliminary Order of Forfeiture as to (1) the Subject Property,[1] on the basis that the property constitutes or is derived from proceeds obtained as a result of wire fraud and/or is property involved in money laundering activity or property traceable to such property; and (2) a money judgment against Defendant in the amount of $804,100, representing proceeds he personally obtained in connection with the wire fraud scheme alleged in the Indictment. ECF No. 51.

Defendant filed a response to the United States' motion on June 3, 2024. ECF. No. 53. In his response, Defendant does not contest the United States' request for a Preliminary Order of Forfeiture. Rather, Defendant actually "requests that this court . . . issue the preliminary forfeiture order" (ECF No. 53 at 3), which is consistent with his agreement to forfeit his interest in the

---

[1] The Subject Property is defined in the United States' Motion for a Preliminary Order of Forfeiture. *See* ECF No. 51 at ¶ 3.

Subject Property in his plea agreement (ECF No. 42 at ¶¶ 2, 6(i)(2)). Thus, as an initial matter, because Defendant does not challenge that the United States has established the requisite nexus between the Subject Property and the offenses to which he has pleaded guilty, the Subject Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

The Defendant's arguments in his response regarding the relationship between his forfeiture and ultimate restitution liability are misplaced. Forfeiture and restitution are distinct remedies, which serve different purposes. *See United States v. Adetiloye*, 716 F.3d 1030, 1041 (8th Cir. 2013) (forfeiture and restitution are different concepts: one is based on defendant's gain and the other on the victim's loss). As such, the United States is entitled to seek forfeiture while also collecting restitution.

To the extent Defendant seeks an offset against his restitution by the amount of any forfeiture collected, the Court lacks discretion to order such an offset. *See, e.g.*, *United States v. Sanjar*, 853 F.3d 190 (5th Cir. 2017) (a sentencing court lacks statutory authority to order that restitution be offset by amount of any forfeiture collected in case in which government agency is victim); *United States v. Bodouva*, 853 F.3d 76, 78–79 (2d Cir. 2017) (in the absence of a statutory authorization permitting an offset of restitution paid by a defendant against mandatory forfeiture, court lacks discretion to order such offset). The Attorney General has discretion to remit or restore forfeited proceeds to the eligible victims of the offense pursuant to 18 U.S.C. § 981(e), 28 C.F.R. Pt. 9, and other applicable law, and only when such relief is granted will property or funds that are subject to forfeiture be credited towards restitution in a criminal case.

For the foregoing reasons, and the reasons set forth in its Motion for a Preliminary Order of Forfeiture (ECF No. 51), the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture (1) authorizing the United States to seize the Subject Property and

begin proceedings consistent with 21 U.S.C. § 853(n), and (2) directing a money judgment against Defendant in the amount of $804,100.

    Respectfully submitted,

    TERESA A. MOORE
    United States Attorney

By   */s/ Paul S. Becker*
    Paul S. Becker
    Assistant United States Attorney
    400 E. 9th Street, Fifth Floor
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

    I hereby certify that on June 12, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, for electronic delivery to all counsel of record.

    */s/ Paul S. Becker*

    Paul S. Becker
    Assistant United States Attorney